# EXHIBIT A

1  Kane Moon (SBN 249834)
   Justin F. Marquez (SBN 262417)
2  Allen Feghali (SBN 301080)
   **MOON & YANG, APC**
3  1055 W. Seventh St., Suite 1880
   Los Angeles, California 90017
4  Telephone: (213) 232-3128
   Facsimile: (213) 232-3125
5  E-mail: kane.moon@moonyanglaw.com
   E-mail: justin.marquez@moonyanglaw.com
6  E-mail: allen.feghali@moonyanglaw.com

7  Attorneys for Plaintiff Rita Garcia

**FILED BY FAX**
ALAMEDA COUNTY
May 18, 2018
CLERK OF
THE SUPERIOR COURT
By Erica Baker, Deputy
CASE NUMBER:
**RG18905648**

8
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
               **FOR THE COUNTY OF ALAMEDA**
10

11  RITA GARCIA, individually, and on behalf of      Case No.:
    all others similarly situated,
12                                                    **CLASS ACTION COMPLAINT:**
                 Plaintiff,
13                                                    1.  Failure to Pay Minimum and Straight
                                                          Time Wages [Cal. Lab. Code §§ 204,
14        vs.                                             1194, 1194.2, and 1197];
                                                      2.  Failure to Pay Overtime Compensation
15                                                        [Cal. Lab. Code §§ 1194 and 1198];
    PRAXAIR, INC., a Delaware corporation;           3.  Failure to Provide Meal Periods [Cal. Lab.
16  PRAXAIR DISTRIBUTION, INC., a Delaware               Code §§ 226.7, 512];
    corporation; and DOES 1 through 10, inclusive,   4.  Failure to Authorize and Permit Rest
17                                                        Breaks [Cal. Lab. Code §§ 226.7];
                 Defendants                           5.  Failure to Timely Pay Final Wages at
18                                                        Termination [Cal. Lab. Code §§ 201-203];
                                                      6.  Failure to Provide Accurate Itemized
19                                                        Wage Statements [Cal. Lab. Code § 226];
                                                          and
20                                                    7.  Unfair Business Practices [Cal. Bus. &
                                                          Prof. Code §§ 17200, et seq.].
21
                                                      **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

                           CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION & PRELIMINARY STATEMENT ................................................................ 1

THE PARTIES ................................................................................................................. 3

     A.   Plaintiff ............................................................................................... 3

     B.   Defendants ........................................................................................... 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................................. 5

CLASS ACTION ALLEGATIONS .................................................................................... 8

FIRST CAUSE OF ACTION ............................................................................................ 12

SECOND CAUSE OF ACTION ....................................................................................... 14

THIRD CAUSE OF ACTION .......................................................................................... 15

FOURTH CAUSE OF ACTION ....................................................................................... 16

FIFTH CAUSE OF ACTION ........................................................................................... 17

SIXTH CAUSE OF ACTION ........................................................................................... 18

SEVENTH CAUSE OF ACTION ..................................................................................... 19

PRAYER FOR RELIEF .................................................................................................. 22

DEMAND FOR JURY TRIAL ......................................................................................... 25

CLASS ACTION COMPLAINT

Plaintiff Rita Garcia ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants Praxair, Inc., Praxair Distribution, Inc., and Does 1 through 10 (Praxair, Inc., Praxair Distribution, Inc., and Does 1 through 10 are collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum and straight time wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.      Plaintiff brings the First through Seventh Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.      Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Alameda County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4.      Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

        (a)     Failing to pay employees for all hours worked, including all minimum wages, straight time wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

1

(b)    Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Willfully failing to pay employees all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates; and

(e)    Failing to maintain accurate records of the hours that employees worked.

(f)    Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

1

## THE PARTIES

2        **A.    Plaintiff**

3        7.      Plaintiff Rita Garcia is a California resident that worked for Defendants in the

4        State of California as a laboratory technician from approximately 2008 to August 2017.

5        8.      Plaintiff reserves the right to seek leave to amend this complaint to add new

6        plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

7        *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

8        **B.    Defendants**

9        9.      Plaintiff is informed and believes, and based upon that information and belief

10       alleges, that Defendant Praxair, Inc. is:

11                      (a)     A Delaware corporation that has not designated a principal business office

12                              in California according to its latest Statement of Information (Foreign

13                              Corporation) on file with the California Secretary of State;

14                      (b)     A corporation that maintains branches, facilities, and offices from which it

15                              transacts business in a variety of locations in Alameda County, and is

16                              otherwise within this Court's jurisdiction for purposes of service of

17                              process; and

18                      (c)     The former employer of Plaintiff, and the current and/or former employer

19                              of the putative Class.  Praxair, Inc. suffered and permitted Plaintiff and the

20                              Class to work, and/or controlled their wages, hours, or working conditions.

21       10.     Plaintiff is informed and believes, and based upon that information and belief

22       alleges, that Defendant Praxair Distribution, Inc. is:

23                      (a)     A Delaware corporation that has not designated a principal business office

24                              in California according to its latest Statement of Information (Foreign

25                              Corporation) on file with the California Secretary of State;

26                      (b)     A corporation that maintains branches, facilities, and offices from which it

27                              transacts business in a variety of locations in Alameda County, and is

28                              otherwise within this Court's jurisdiction for purposes of service of

1               process; and

2             (c)      The former employer of Plaintiff, and the current and/or former employer

3                        of the putative Class. Praxair Distribution, Inc. suffered and permitted

4                        Plaintiff and the Class to work, and/or controlled their wages, hours, or

5                        working conditions.

6        11.      Plaintiff does not know the true names or capacities of the persons or entities sued

7 herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each

8 of the Doe Defendants was in some manner legally responsible for the damages suffered by

9 Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true

10 names and capacities of these Defendants when they have been ascertained, together with

11 appropriate charging allegations, as may be necessary.

12        12.      At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

13 each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

14 and/or injured a significant number of the Plaintiff and the Class in the State of California.

15        13.      Plaintiff is informed and believes and thereon alleges that at all relevant times

16 each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

17 the other employees described in the class definitions below, and exercised control over their

18 wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges

19 that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

20 director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

21 and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

22 or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

23 some or all of the other Defendants so as to be liable for their conduct with respect to the matters

24 alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

25 pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

26 should have known about, and authorized, ratified, adopted, approved, controlled, aided and

27 abetted the conduct of all other Defendants.

28

1
## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2        14.     Plaintiff Rita Garcia worked for Defendants in the State of California as a

3    laboratory technician from approximately February 2008 to August 2017. During this time,

4    Defendants classified Plaintiff as non-exempt and typically scheduled her to work 5 days per

5    workweek, and between 8 to 11 hours each workday.

6        15.     Throughout the statutory period, Defendants failed to pay Plaintiff for all hours

7    worked (including minimum wages, straight time wages, and overtime wages), failed to provide

8    Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take

9    uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants

10   terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff.

11   As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

12       16.     Throughout the statutory period, Defendants maintained a policy and practice of

13   not paying Plaintiff and the Class for all hours worked, including all overtime wages.

14   Defendants regularly use a system of time rounding in a manner that resulted, over a period of

15   time, in failing to compensate Plaintiff and the Class properly for all the time they have actually

16   worked, even though the realities of Defendants' operations are such that it is possible, practical,

17   and feasible to count and pay for work time to the minute. Accordingly, Defendants frequently

18   paid Plaintiff and the Class less than all their work time. Some of this unpaid work also should

19   have been paid at the overtime rate.

20       17.     Throughout the statutory period, Defendants maintained a policy and practice of

21   requiring that all employees undergo daily uncompensated activities, which were significant,

22   integral, indispensable, and done solely for Defendants' benefit. Specifically, Plaintiff and the

23   Class were and are required to wait in line to pass a security checkpoint before entering a

24   company locker room, at which time Plaintiff and the Class changed into their company

25   uniforms. Only after passing this security checkpoint, and only after changing into their uniform,

26   would Plaintiff and the Class be permitted to clock into work. At the end of the workday,

27   Plaintiff and the Class were and are required to clock out before they entered the locker room to

28   change out of their uniforms, followed by going through the same security checkpoint on the way

out of the premises.  A large number of hourly employees enter and leave work at the same time, which creates lengthy lines and backups.  As a result, Plaintiff and the Class were and are forced to wait in these lines and change their clothes, all of which creates lengthy off-the clock activities that were uncompensated, neither in the form of straight hours or overtime hours.  In failing to record the time Plaintiff and the Class spent going through security checkpoints and changing into company uniforms, Defendants also failed to maintain accurate records of the hours Plaintiff and the Class worked.

18.   Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods.  Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendants did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Moreover, Defendants did not have adequate written policies or practices providing meal periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of meal periods.  Defendants also did not have adequate policies or practices to document and verify whether Plaintiff and the Class were taking their required meal periods.  Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

19.   Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods.  Defendants regularly, but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted.  Defendants did not adequately inform Plaintiff and the Class of their right to take a

rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

20.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages.

21.     Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

        (a)     the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

        (b)     the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

1        (c)    the violations led them to believe they were not entitled to be paid

2                 minimum, overtime, meal period premium, and rest period premium wages

3                 at the correct California rate even though they were;

4        (d)    the violations led them to believe they had been paid minimum, overtime,

5                 meal period premium, and rest period premium wages at the correct

6                 California rate even though they had not been;

7        (e)    the violations hindered them from determining the amounts of minimum,

8                 overtime, meal period premium, and rest period premium owed to them;

9        (f)    in connection with their employment before and during this action, and in

10                connection with prosecuting this action, the violations caused them to have

11                to perform mathematical computations to determine the amounts of wages

12                owed to them, computations they would not have to make if the wage

13                statements contained the required accurate information;

14       (g)    by understating the wages truly due them, the violations caused them to

15                lose entitlement and/or accrual of the full amount of Social Security,

16                disability, unemployment, and other governmental benefits;

17       (h)    the wage statements inaccurately understated the wages, hours, and wages

18                rates to which Plaintiff and the Class were entitled, and Plaintiff and the

19                Class were paid less than the wages and wage rates to which they were

20                entitled.

21   Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code §

22   226(e), including actual damages.

23   **CLASS ACTION ALLEGATIONS**

24       22.    Plaintiff brings certain claims individually, as well as on behalf of each and all

25   other persons similarly situated, and thus, seeks class certification under California Code of Civil

26   Procedure § 382.

27       23.    All claims alleged herein arise under California law for which Plaintiff seeks relief

28   authorized by California law.

1    24.    The proposed Class consists of and is defined as:

2    All persons who worked for any Defendant in California as an hourly paid, non-
3    exempt employee at any time during the period beginning four years before the
     filing of the initial complaint in this action and ending when notice to the Class
4    is sent.

5    25.    At all material times, Plaintiff was a member of the Class.

6    26.    Plaintiff undertakes this concerted activity to improve the wages and working
7    conditions of all Class Members.

8    27.    There is a well-defined community of interest in the litigation and the Class is
9    readily ascertainable:

10              (a)    Numerosity:  The members of the Class (and each subclass, if any) are so
11                     numerous that joinder of all members would be unfeasible and impractical.
12                     The membership of the entire Class is unknown to Plaintiff at this time,
13                     however, the Class is estimated to be greater than 100 individuals and the
14                     identity of such membership is readily ascertainable by inspection of
15                     Defendants' records.

16              (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect
17                     the interests of each Class Member with whom there is a shared, well-
18                     defined community of interest, and Plaintiff's claims (or defenses, if any)
19                     are typical of all Class Members' claims as demonstrated herein.

20              (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect
21                     the interests of each Class Member with whom there is a shared, well-
22                     defined community of interest and typicality of claims, as demonstrated
23                     herein.  Plaintiff has no conflicts with or interests antagonistic to any Class
24                     Member.  Plaintiff's attorneys, the proposed class counsel, are versed in
25                     the rules governing class action discovery, certification, and settlement.
26                     Plaintiff has incurred, and throughout the duration of this action, will
27                     continue to incur costs and attorneys' fees that have been, are, and will be

28

necessarily expended for the prosecution of this action for the substantial benefit of each class member.

   (d)   Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

      1)   The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

      2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

      3)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

      4)   The difficulties likely to be encountered in the management of a class action.

   (e)   Public Policy Considerations:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

28.   There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

   (a)   Failed to pay Class Members for all hours worked, including minimum wages, straight time wages, and overtime wages;

CLASS ACTION COMPLAINT

1        (b)    Failed to provide meal periods and pay meal period premium wages to

2               Class Members;

3        (c)    Failed to authorize and permit rest periods and pay rest period premium

4               wages to Class Members;

5        (d)    Failed to promptly pay all wages due to Class Members upon their

6               discharge or resignation;

7        (e)    Failed to maintain accurate records of all hours Class Members worked,

8               and all meal periods Class Members took or missed; and

9        (f)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a

10              result of their illegal conduct as described above.

11     29.    This Court should permit this action to be maintained as a class action pursuant to

12  California Code of Civil Procedure § 382 because:

13        (a)    The questions of law and fact common to the Class predominate over any

14               question affecting only individual members;

15        (b)    A class action is superior to any other available method for the fair and

16               efficient adjudication of the claims of the members of the Class;

17        (c)    The members of the Class are so numerous that it is impractical to bring all

18               members of the class before the Court;

19        (d)    Plaintiff, and the other members of the Class, will not be able to obtain

20               effective and economic legal redress unless the action is maintained as a

21               class action;

22        (e)    There is a community of interest in obtaining appropriate legal and

23               equitable relief for the statutory violations, and in obtaining adequate

24               compensation for the damages and injuries for which Defendants are

25              responsible in an amount sufficient to adequately compensate the members

26              of the Class for the injuries sustained;

27        (f)    Without class certification, the prosecution of separate actions by

28              individual members of the class would create a risk of:

1       1)  Inconsistent or varying adjudications with respect to individual

2          members of the Class which would establish incompatible standards

3          of conduct for Defendants; and/or

4       2)  Adjudications with respect to the individual members which would,

5          as a practical matter, be dispositive of the interests of other

6          members not parties to the adjudications, or would substantially

7          impair or impede their ability to protect their interests, including but

8          not limited to the potential for exhausting the funds available from

9          those parties who are, or may be, responsible Defendants; and,

10     (g)  Defendants have acted or refused to act on grounds generally applicable to

11         the Class, thereby making final injunctive relief appropriate with respect to

12         the class as a whole.

13    30.  Plaintiff contemplates the eventual issuance of notice to the proposed members of

14 the Class that would set forth the subject and nature of the instant action. The Defendants' own

15 business records may be utilized for assistance in the preparation and issuance of the

16 contemplated notices. To the extent that any further notices may be required, Plaintiff would

17 contemplate the use of additional techniques and forms commonly used in class actions, such as

18 published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by

19 other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

20            **FIRST CAUSE OF ACTION**

21   **(Against all Defendants for Failure to Pay Minimum and Straight Time Wages for All**

22            **Hours Worked)**

23    31.  Plaintiff incorporates by reference and re-alleges as if fully stated herein

24 paragraphs 1 through 21 in this Complaint.

25    32.  "Hours worked" is the time during which an employee is subject to the control of

26 an employer, and includes all the time the employee is suffered or permitted to work, whether or

27 not required to do so.

28

33.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked.  By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

34.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

35.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

36.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

37.    By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

38.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

39.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

40.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

42.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

44.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

45.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

46.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

47.    By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to

1 | Plaintiff and the Class.

2 |     48.    Plaintiff and the Class also request recovery of overtime compensation according

3 | to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well

4 | as the assessment of any statutory penalties against Defendants, in a sum as provided by the

5 | California Labor Code and/or other statutes.

6 |     49.    California Labor Code § 204 requires employers to provide employees with all

7 | wages due and payable twice a month. The Wage Orders also provide that every employer shall

8 | pay to each employee, on the established payday for the period involved, overtime wages for all

9 | overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class

10 | with all compensation due, in violation of California Labor Code § 204.

11 | **THIRD CAUSE OF ACTION**

12 | **(Against All Defendants for Failure to Provide Meal Periods)**

13 |     50.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

14 | paragraphs 1 through 21 in this Complaint.

15 |     51.    Under California law, Defendants have an affirmative obligation to relieve the

16 | Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the

17 | start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

18 | periods no later than the start of the eleventh hour of work in the workday. Section 512 of the

19 | California Labor Code, and Section 11 of the applicable Wage Orders require that an employer

20 | provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a

21 | violation of Section 226.7 of the California Labor Code for an employer to require any employee

22 | to work during any meal period mandated under any Wage Order.

23 |     52.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff

24 | and the Class with both meal periods as required by California law. By their failure to permit

25 | and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact

26 | that Defendants made it impossible or impracticable to take these uninterrupted meal periods),

27 | Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and

28 | the applicable Wage Orders.

1       53.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

2   additional wages for each workday he or she was not provided with all required meal period(s),

3   plus interest thereon.

4   **FOURTH CAUSE OF ACTION**

5   **(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

6       54.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

7   paragraphs 1 through 21 in this Complaint.

8       55.    Defendants are required by California law to authorize and permit breaks of 10

9   uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than

10   two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that

11   the employer permit and authorize all employees to take paid rest periods of 10 minutes each for

12   each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten

13   minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so

14   required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of

15   the California Labor Code for an employer to require any employee to work during any rest

16   period mandated under any Wage Order.

17       56.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the

18   Class to take rest breaks, regardless of whether employees worked more than 4 hours in a

19   workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as

20   alleged above (or due to the fact that Defendants made it impossible or impracticable to take

21   these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of

22   the California Labor Code and the applicable Wage Orders.

23       57.    Under California law, Plaintiff and the Class are entitled to be paid one hour of

24   premium wages rate for each workday he or she was not provided with all required rest break(s),

25   plus interest thereon.

26   ///

27   ///

28   ///

16
CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Wages of Discharged Employees -- Waiting Time Penalties)**

58.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

59.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

60.    Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

61.    Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

62.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

63.    Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

1    64.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the

2    Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs

3    incurred in this action.

### SIXTH CAUSE OF ACTION

**(Against all Defendants for Failure to Provide and Maintain Accurate and**

**Compliant Wage Records)**

7    65.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

8    paragraphs 1 through 21 in this Complaint.

9    66.    At all material times set forth herein, California Labor Code § 226(a) provides that

10   every employer shall furnish each of his or her employees an accurate itemized wage statement

11   in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours

12   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

13   if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made

14   on written orders of the employee may be aggregated and shown as one item, (5) net wages

15   earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

16   employee and the last four digits of his or her social security number or an employee

17   identification number other than a social security number, (8) the name and address of the legal

18   entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and

19   the corresponding number of hours worked at each hourly rate by the employee.

20   67.    Defendants have intentionally and willfully failed to provide employees with

21   complete and accurate wage statements.  The deficiencies include, among other things, the

22   failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list

23   the true "total hours worked by the employee," and the failure to list the true net wages earned.

24   68.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

25   and the Class have suffered injury and damage to their statutorily-protected rights.

26   69.    Specifically, Plaintiff and the members of the Class have been injured by

27   Defendants' intentional violation of California Labor Code § 226(a) because they were denied

28   both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

1 | statements under California Labor Code § 226(a).

2 |      70.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and

3 | time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as

4 | a result of having to bring this action to attempt to obtain correct wage information following

5 | Defendants' refusal to comply with many of the mandates of California's Labor Code and related

6 | laws and regulations.

7 |      71.    Plaintiff and the Class are entitled to recover from Defendants their actual

8 | damages caused by Defendants' failure to comply with California Labor Code § 226(a).

9 |      72.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

10 | attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

11 | Code § 226(h).

12 | **SEVENTH CAUSE OF ACTION**

13 | **(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

14 | **et seq.)**

15 |      73.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

16 | paragraphs 1 through 21 in this Complaint.

17 |      74.    Defendants, and each of them, are "persons" as defined under California Business

18 | & Professions Code § 17201.

19 |      75.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

20 | unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff

21 | seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

22 | Procedure § 1021.5.

23 |      76.    Defendants' activities, as alleged herein, are violations of California law, and

24 | constitute unlawful business acts and practices in violation of California Business & Professions

25 | Code §§ 17200, et seq.

26 |      77.    A violation of California Business & Professions Code §§ 17200, et seq. may be

27 | predicated on the violation of any state or federal law.  All of the acts described herein as

28 | violations of, among other things, the California Labor Code, are unlawful and in violation of

public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq.*

### Failure to Pay Minimum and Straight Time Wages

78.    Defendants' failure to pay minimum wages, straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Pay Overtime Wages

79.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198, California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Maintain Accurate Records of All Hours Worked

80.    Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Provide Meal Periods

81.    Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

### Failure to Authorize and Permit Rest Periods

82.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

### Failure to Provide Accurate Itemized Wage Statements

83.    Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq.*

84.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

85.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

86.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

87.     Plaintiff, individually, and on behalf of members of the putative class, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

88.     Plaintiff, individually, and on behalf of members of the putative class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

89.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

90.     Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and

1 | putative Class Members are entitled to restitution of the wages withheld and retained by

2 | Defendants during a period that commences four years prior to the filing of this complaint; a

3 | permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

4 | Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

5 | 1021.5 and other applicable laws; and an award of costs.

6 | **PRAYER FOR RELIEF**

7 | Plaintiff, individually, and on behalf of all others similarly situated only with respect to

8 | the class claims, prays for relief and judgment against Defendants, jointly and severally, as

9 | follows:

10 | Class Certification

11 | 1.    That this action be certified as a class action with respect to the First, Second,

12 | Third, Fourth, Fifth, Sixth, and Seventh Causes of Action;

13 | 2.    That Plaintiff be appointed as the representative of the Class; and

14 | 3.    That counsel for Plaintiff be appointed as Class Counsel.

15 | As to the First Cause of Action

16 | 4.    That the Court declare, adjudge and decree that Defendants violated California

17 | Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all

18 | minimum and straight time wages due;

19 | 5.    For general unpaid wages and such general and special damages as may be

20 | appropriate;

21 | 6.    For pre-judgment interest on any unpaid compensation commencing from the date

22 | such amounts were due;

23 | 7.    For liquidated damages;

24 | 8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

25 | California Labor Code § 1194(a); and,

26 | 9.    For such other and further relief as the Court may deem equitable and appropriate.

27 | As to the Second Cause of Action

28 | 10.    That the Court declare, adjudge and decree that Defendants violated California

22

CLASS ACTION COMPLAINT

1  Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all
2  overtime wages due;

3      11.    For general unpaid wages at overtime wage rates and such general and special
4  damages as may be appropriate;

5      12.    For pre-judgment interest on any unpaid overtime compensation commencing
6  from the date such amounts were due;

7      13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to
8  California Labor Code § 1194(a); and,

9      14.    For such other and further relief as the Court may deem equitable and appropriate.

10                      As to the Third Cause of Action

11     15.    That the Court declare, adjudge and decree that Defendants violated California
12  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

13     16.    For unpaid meal period premium wages as may be appropriate;

14     17.    For pre-judgment interest on any unpaid compensation commencing from the date
15  such amounts were due;

16     18.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,
17  and for costs of suit incurred herein; and

18     19.    For such other and further relief as the Court may deem equitable and appropriate.

19                      As to the Fourth Cause of Action

20     20.    That the Court declare, adjudge and decree that Defendants violated California
21  Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

22     21.    For unpaid rest period premium wages as may be appropriate;

23     22.    For pre-judgment interest on any unpaid compensation commencing from the date
24  such amounts were due;

25     23.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,
26  and for costs of suit incurred herein; and

27     24.    For such other and further relief as the Court may deem equitable and appropriate.

28

As to the Fifth Cause of Action

25.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26.   For all actual, consequential and incidental losses and damages, according to proof;

27.   For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

28.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

29.   For reasonable attorneys' fees and for costs of suit incurred herein; and

30.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

31.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

32.   For all actual, consequential and incidental losses and damages, according to proof;

33.   For actual damages pursuant to California Labor Code § 226(e);

34.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

35.   For reasonable attorneys' fees and for costs of suit incurred herein; and

36.   For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

37.   That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing

24

to authorize and permit rest periods, and failing to maintain accurate records of all hours worked, and failing to furnish accurate wage statements;

38.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

39.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

40.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

41.    For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

42.    For such other and further relief as the Court may deem equitable and appropriate.

<u>As to all Causes of Action</u>

43.    For any additional relief that the Court deems just and proper.

Dated: May 16, 2018                              Respectfully submitted,

MOON & YANG, APC

By:
Kane Moon
Justin F. Marquez
Allen Feghali
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: May 16, 2018                              MOON & YANG, APC

By:
Kane Moon
Justin F. Marquez
Allen Feghali
Attorneys for Plaintiff

25

CLASS ACTION COMPLAINT