UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>PRAXAIR, INC., et al.,<br><br>    Defendants. | Case No. 3:18-cv-03887-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. Nos. 10, 12 |

## INTRODUCTION

On May 18, 2018, Plaintiff Rita Garcia filed a class action complaint against her employer Praxair Distribution, Inc. ("PDI") and its parent company Praxair, Inc. ("Praxair") (collectively, "defendants") for unpaid wages and various illegal employment practices. On June 28, defendants removed the case to federal court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and Garcia filed a motion to remand on July 30. On July 16, defendants filed a motion to transfer this case to the Central District of California, where Garcia worked and where another class action suit was previously filed against them. For the reasons set forth below, Garcia's motion to remand is DENIED and defendants' motion to transfer is GRANTED.

## BACKGROUND

### I. Northern District of California Action

Garcia worked for PDI as a laboratory technician in Torrance, California, from April 2008 until beginning workers' compensation leave in August 2016. Miranda Declaration ("Miranda Decl. 1") [Dkt. No. 10-2] ¶¶ 4–5. She brought suit in California Superior Court, County of Alameda, on behalf of herself and "all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period

applicable to the claims pleaded here." Complaint ("Compl.") [Dkt. No. 1-1] ¶ 2. Her complaint alleges (1) failure to pay minimum and straight time wages, (2) failure to pay overtime, (3) failure to provide meal periods and rest breaks, (4) failure to timely pay final wages at termination, (5) failure to provide accurate, itemized wage statements, and (6) unfair business practices. Compl. ¶ 4. On June 28, 2018 Defendants removed the case to federal court pursuant to CAFA jurisdiction. Not. of Removal [Dkt. No. 1].

**II. *Hassan* Action**

Louie Hassan worked as a truck driver for PDI until January 2016. Jimenez Declaration ("Jimenez Decl.") Ex. A [Dkt. No. 10-4]. He filed a class action suit against Praxair, Inc.[1] in Los Angeles Superior Court on March 1, 2018. Jimenez Decl. Ex. A. The suit alleges (1) failure to provide meal breaks, (2) failure to provide rest breaks, (3) failure to pay minimum wages, (4) failure to provide accurate itemized wage statements, (5) failure to provide compensation due upon termination of employment, and (6) unfair business practices. *Id.* Defendants removed the case to federal court and filed a motion to dismiss on June 11. Plaintiff's Request for Judicial Notice ("RFJN") [Dkt. No. 13] Ex. A. Judge John Kronstadt indicated at a hearing on July 9, 2018 that he was likely to grant in part and deny in part Defendants' motion. *Id.* Ex. B.

**III. Pending Motions**

On July 16, 2018, defendants filed a motion to transfer this case to the Central District of California pursuant to the first-to-file rule or section 1404(a). Mot. to Transfer [Dkt. No. 10-1]. On July 30, 2018, Garcia filed a motion to remand this case to Superior Court, arguing that it was improperly removed because the amount in controversy does not meet the jurisdictional requirement of $5,000,000. Mot. to Remand [Dkt. No. 12]. I heard argument on both motions on September 12, 2018.

**LEGAL STANDARD**

**I. MOTION TO REMAND**

A defendant may remove a class action from state to federal court by filing a notice of

---

[1] Defendants assert that PDI was improperly sued as Praxair, Inc. and that the plaintiff in the *Hassan* Action was at all times an employee of PDI.

removal that lays out the grounds for removal. 28 U.S.C. § 1453(b); 28 U.S.C. § 1446(a). The district court must remand the case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the removing party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## II. MOTION TO TRANSFER

A court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice, provided that the action might have been brought in the transferee court. 28 U.S.C. § 1404(a); *Lee v. Lockheed Martin Corp.*, No. 03-cv-1533-SI, 2003 WL 22159053, at *1 (N.D. Cal. Sept. 16, 2003). The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Barnes & Noble v. LSI Corp.*, 823 F.Supp.2d 980, 993 (N.D.Cal.2011) (Chen, J.).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for a defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

## DISCUSSION

### I. MOTION TO REMAND

Garcia argues that this case was improperly removed to federal court because Defendants cannot show the amount in controversy required for CAFA jurisdiction. Mot. to Remand 4. For federal jurisdiction under CAFA, the amount in controversy must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2)(A). The amount in

controversy in the litigation can include "damages, costs of compliance with injunctions, attorneys' fees awarded under contract or fee shifting statutes . . . [and] future attorneys' fees recoverable by statute or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see Chavez*, 888 F.3d 413, 417–18 (9th Cir. 2018).

The Ninth Circuit held that CAFA did not change "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006). When the plaintiff challenges the amount-in-controversy allegations in a notice of removal, parties should submit proof so that the court can determine whether the jurisdictional amount has been shown by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) (noting that after the amount in controversy has been challenged, the parties may submit affidavits, declarations, or other summary-judgment-type evidence to the court).

If the plaintiff's complaint does not include an amount in controversy, the defendant has the burden to "persuade the court that [its] estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197 (finding that an allegation of a "pattern and practice" of denying meal and rest periods did not justify a calculation based on a violation every shift for every employee). The plaintiff's motion to remand will not be successful if it merely challenges the defendant's calculations without "assert[ing] an alternative violation rate grounded in real evidence," such as an affidavit from the plaintiff about how frequently alleged employment violations took place. *Id.* at 1199.

In their notice of removal, defendants offered detailed calculations based on reasonable assumptions and a sworn declaration. The result is an amount in controversy well exceeding $5,000,000. In her motion to remand, Garcia challenged the reasonableness of those calculations but failed to provide any alternative figures. I find that defendants have shown by a preponderance of the evidence that the amount in controversy in this class action meets the jurisdictional requirement. Garcia's motion to remand is DENIED.

## A. Defendants' Amount-in-Controversy Calculations

Defendants' notice of removal addresses each of Garcia's claims and makes calculations based on figures including, for example, the number of current and former PDI employees in the asserted class, their average hourly pay, the number of workweeks in controversy, relevant statutes of limitation, and relevant California laws for minimum wage, overtime, and penalties. Not. of Removal ¶¶ 28–46; *see* Declaration of Kristin Miranda in Support of Defendants' Opposition to Plaintiff's Motion to Remand ("Miranda Decl. 2") [Dkt. No. 18-1] ¶¶ 6–8. PDI's Human Resources Associate Director Kristin Miranda provided numbers of employees, average wages, and information about payment practices for purposes of the calculations. *See* Miranda Decl. 2 ¶ 2.

Garcia seeks recovery for: (1) failure to pay minimum and straight time wages, (2) failure to pay overtime, (3) failure to provide meal periods and rest breaks, (4) failure to timely pay final wages at termination, (5) failure to provide accurate, itemized wage statements, and (6) unfair business practices. Compl. ¶ 4. Based on its calculations for each allegation, defendants estimated that the total amount in controversy ranges from $11,000,000 to $16,000,000. Not. of Removal ¶ 47.

### 1. Unpaid Minimum Wage and Unpaid Straight Time

Based on one hour of unpaid wages per week per class member and California's 2016 minimum wage, defendants estimated $741,780.00 for these claims. Not. of Removal ¶¶ 30–31. Including liquidated damages, defendants estimated the figure could rise to $1,596,720.00. *Id.* ¶ 32.

### 2. Unpaid Overtime

Based on half an hour of overtime wages per workweek and 1.5 times California's 2016 minimum wage, defendants estimated $376,522.50 in unpaid overtime pay. *Id.* ¶ 35. Based on one hour of overtime wages per week, the figure would be $753,045.00. *Id.* ¶ 36.

### 3. Failure to Provide Off-Duty Meal and Rest Periods

Based on two missed meal periods per week, defendants estimated $3,670,659.58 in premium pay owed to Garcia's class. *Id.* ¶ 40. Based on three missed meal periods per week, the

figure would rise to $5,505,989.37. *Id.* For two missed rest breaks per week the figure would be $3,670,659.58, and for three it would rise to $5,505,989.37. *Id.* ¶ 41.

### 4. Failure to Timely Pay Final Wages at Termination

Based on 192 putative class members who have left their jobs at PDI during the defined period and a penalty of 30 days of wages, defendants estimated $1,061,222.40 in waiting time pay owed to Garcia's class. *Id.* ¶ 43.

### 5. Failure to Provide Accurate, Itemized Wage Statements

Based on weekly pay, the 358 employees who worked 41+ workweeks, the 113 employees who worked fewer than 41 workweeks, and the California penalties for the first pay period and subsequent pay periods, PDI estimated $1,630,850.00 in penalties for wage statements. *Id.* ¶ 46.

### 6. Attorney Fees

Garcia also seeks attorney fees, which can be included in the amount in controversy for jurisdictional purposes. *See Fritsch*, 899 F.3d at 794. Defendants do not provide a calculation for attorney fees, instead relying on the Ninth Circuit's 25 percent benchmark in class actions. *See* Not. of Removal ¶ 49; *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). The benchmark cannot relieve defendants of their burden to show by a preponderance of the evidence the amount of attorney fees in controversy. *See Fritsch*, 889 F.3d at 796. I will not include this figure in defendants' calculations for purposes of this motion.

## B. Garcia's Challenge

Garcia challenges Defendants' calculations on only one basis, that they improperly included exempt truck drivers in her class, which her complaint limits to "hourly, non-exempt employees." Mot. to Remand 5–6. She alleges that because these truck drivers transport hazardous materials, they are exempt from overtime pay under California law. *Id.* at 6. Garcia's motion does not offer an alternative estimation of the amount in controversy, nor does it limit the scope of her claims in the face of defendants' calculations. It is unpersuasive.

For example, the complaint broadly states, "Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages." Compl. ¶ 16. She also alleges that she was "typically" scheduled

6

1 to work overtime, more than eight hours per day or more than 40 hours per week, and that her
2 experiences were "typical and illustrative." *Id.* ¶¶ 14–15. Based on these allegations, Defendants
3 estimated half an hour of unpaid overtime per class member per week. Not. of Removal ¶ 35. In
4 moving to remand, Garcia did not provide an affidavit declaring that the denial was less frequent
5 or not common across the class. *See Ibarra*, 775 F.3d at 1199 (remanding to the district court
6 where the plaintiff failed to "assert an alternative violation rate grounded in real evidence, such as
7 an affidavit by [the employee] asserting how often he was denied meal and rest breaks"). Garcia's
8 broad attack on CAFA jurisdiction lacks factual support.

### C. Defendants' Response

In response to Garcia's challenge, defendants recalculated the amount in controversy excluding truck drivers. Oppo. 22–25. Because that group of workers is allegedly exempt from overtime, the recalculations did not affect (2) the figure for unpaid overtime pay. The resulting figures were: (1) $449,280.00 to $1,004,060.00 in unpaid minimum wage and straight time, (3) $2,312,350.18 to $3,468,525.27 in missed meal periods and $2,312,350.18 to $3,468,525.27 in missed rest breaks, (4) $613,519.20 in waiting time penalties, and (5) $1,035,700.00 in wage statement penalties. *Id.* at 22–26.

PDI's revised amount in controversy ranged from $7,099,722.06 to $10,343,374.74. *Id.* at 26. Notwithstanding the inclusion or exclusion of truck drivers from the class, I find that defendants reached reasonable estimates based on facts and California law. They showed by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $5,000,000. Garcia's motion to remand is DENIED.

## II. MOTION TO TRANSFER

Defendants move to transfer venue to the Central District of California pursuant to the first-to-file rule and 28 U.S.C. section 1404(a). This motion raises two issues: (i) whether I should follow the first-to-file rule and grant defendants' motion on that basis alone, and (ii) whether convenience or the interest of justice favors transferring this action to the Central District of California pursuant to section 1404(a).

**A. First-to-File Rule**

The parties disagree over whether I should apply the "first-to-file" rule. Defendants argue that the *Hassan* Action was filed two and a half months earlier and involves substantially similar parties, factual questions, and legal issues to this case. Garcia argues that the rule should not apply because the parties in the two actions are different and because there is a pending motion to dismiss in the *Hassan* Action.

The first-to-file rule promotes judicial efficiency by allowing a district court to transfer, stay, or dismiss a case when a complaint involving the same parties and the same issues has already been filed in another district. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The elements of the rule are: (i) chronology of the lawsuits; (ii) similarity of the parties; and (3) similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The most basic aspect of the first-to-file rule is that it is discretionary," and a court may decide not to apply it based on "reasons of equity." *Alltrade*, 946 F.2d at 628. These equitable exceptions include "bad faith, anticipatory suit, and forum shopping." *Id.* (citations omitted).

**1. Chronology**

The parties do not dispute that the *Hassan* Action was filed in the Central District of California on March 1, 2018, two and a half months before Garcia filed this action in Alameda County Superior Court on May 18, 2018. *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) (finding the first factor satisfied when the second action was filed nearly three months after the first).

**2. Similarity of Parties**

The parties do not dispute that PDI is a defendant in both actions. Garcia argues the classes of plaintiffs differ, which makes the first-to-file rule inapplicable.

Only "substantial similarity"—not "exact identity of the parties"—is needed to apply the first-to-file rule. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). As long as "some [of] the parties in one matter are also in the other matter," the rule can be applied even if "there are additional unmatched parties in one or both matters."

8

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n. 6 (N.D. Cal. 2008) (Armstrong, J.). In analyzing class actions, most courts approach this factor by comparing the classes, not their representatives, even when certification has not yet taken place. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-CV-00696-YGR, 2013 WL 3476801, at *3 (N.D. Cal. July 10, 2013) (citing this approach as "the more widely accepted rule").

Garcia argues that because the truck drivers transport hazardous chemicals, they are exempt from overtime under California law and not part of her "non-exempt" class. Oppo. 7–8. Defendants argue that this attempt to distinguish the two classes hinges on the premature resolution of a question of law and fact. Mot. to Transfer 8–9. In addition, defendants assert that even assuming that truck drivers are exempt from overtime, the class in the *Hassan* Action would nonetheless be included in Garcia's remaining claims, which are unrelated to overtime pay. Reply 6–7.

The question I must answer is whether each class has defined itself in a way that creates no overlap between the two. If there is overlap between the members of each class, then this factor is satisfied. The plaintiff in the *Hassan* Action identifies his class as one of "non-exempt truck drivers," and Garcia defines her class as "hourly-paid, non-exempt employees." *See* Jimenez Decl. Ex. A ¶ 23; Compl. ¶ 24. The *Hassan* complaint acknowledges that the drivers transport hazardous materials, and Garcia correctly notes that the class does not claim unpaid overtime wages. Jimenez Decl. Ex. A ¶¶ 12, 23. Whether or not they are exempt is a question of fact that would be premature to resolve at this stage. I find that as the complaints are written, Garcia's class encompasses the class in the *Hassan* Action. This factor is satisfied.

**3. Similarity of Issues**

Garcia does not dispute this factor, although she notes that the class in the *Hassan* Action does not seek unpaid overtime wages. *See* Oppo. 8. As above, "[t]he issues in both cases also need not be identical." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Rather, this factor requires a "similarity in allegations [that] would require the court to make similar determinations." *See Adoma*, 711 F. Supp. 2d at 1148. Both the *Hassan*

9

Action and this one allege (1) failure to pay minimum wages, (2) failure to provide meal periods and rest breaks, (3) failure to timely pay final wages at termination, (4) failure to provide accurate, itemized wage statements, and (5) unfair business practices. *See* Jimenez Decl. Ex. A 4; Compl. ¶ 4. This factor is satisfied.

**4. Equitable Exceptions**

The parties do not present evidence of bad faith, anticipatory suit, or forum shopping that would mediate against applying the first-to-file rule.

I conclude that the first-to-file rule applies to this case, and it should be transferred to the Central District of California where the *Hassan* Action is pending.

**B. 28 U.S.C. Section 1404(a)**

Because the first-to-file rule applies, I will not address Defendants' additional arguments under section 1404(a). That said, the factors did not weigh heavily in either direction. Of course, "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 503 F.2d 384, 389 (9th Cir. 1974) (citing *van Dusen v. Barrack*, 376 U.S. 612, (1964). For the similarity reasons set forth above in my discussion of the first-to-file rule, the currently pending *Hassan* Action strongly supports transfer to the Central District of California.

## CONCLUSION

I find that defendants showed by a preponderance of the evidence that the amount-in-controversy requirement is met; Garcia's motion to remand is DENIED. I also find that the first-to-file rule applies to this case and GRANT defendants' motion to transfer this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: September 18, 2018

William H. Orrick
United States District Judge